**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jeremiah Uzeh,

      Petitioner

v.

John Mattos, et al.,

      Respondents

Case No.: 2:26-cv-01616-JAD-EJY

**Order Granting Habeas Petition and Motion to Expedite**

[ECF Nos. 10, 14]

Petitioner Jeremiah Uzeh is a Nigerian citizen who entered the United States on an F-1 student visa, violated the conditions of that visa, and filed an adjustment of status after he married a U.S. citizen.  He was taken into immigration custody following his arrest for domestic battery, but that charge was later dismissed.  The government initially argued to the immigration judge (IJ) that Uzeh is being detained under the Laken Riley Act, but it has since conceded that the statute doesn't apply to Uzeh.  Uzeh filed a habeas petition seeking his immediate release and recently filed a motion to expedite consideration of his petition.  Because the government concedes that the authority it relied on to detain Uzeh does not apply to him, I order his immediate release.

**Discussion**

8 U.S.C. § 1226(c)(1)(E)(ii) requires mandatory detention for a noncitizen who is inadmissible and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of . . . any crime that results in death or serious bodily injury to another person."[1]  In a hearing on May 12, 2026, an IJ denied

---

[1] 8 U.S.C. § 1226(c)(1)(E)(ii).

Uzeh a change-in-custody status because "the Laken Riley Act applies, and he is subject to mandatory custody."[2]  But it is undisputed that Uzeh is not an "inadmissible" noncitizen and the Laken Riley Act applies only to inadmissible persons.  The government fully concedes that it was erroneous to detain Uzeh under the Laken Riley Act, and it provides no alternative statutory authority for his continued detention.[3]  It nonetheless asks that this court allow Uzeh's continued detention and order instead "another custody redetermination to permit an analysis of the potential for flight risk and danger to the community."[4]  The government also contends that Uzeh hasn't exhausted his administrative remedies and that this court should not intervene in the immigration court's proceedings.[5]

The Ninth Circuit has explained that "the exhaustion requirement is prudential, rather than jurisdictional, for habeas claims."[6]  "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'"[7]  I find that exhaustion of remedies would result in irreparable harm to Uzeh here here.  The government fully admits that the statutory basis for Uzeh's detention is erroneous, yet they keep him in custody.  Requiring Uzeh to wait for the resolution of a bond appeal would simply prolong his unlawful detention and thus result in

---

[2] ECF No. 10-4 at 2.

[3] *See* ECF No. 11.

[4] *Id.* at 2.

[5] *Id.* at 3–4.

[6] *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

[7] *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

irreparable harm.[8]  It also appears from the record that the IJ intends to move forward with Uzeh's removal proceedings before the resolution of his bond appeal, precluding meaningful review of the bond determination.  So I find that exhaustion would also be futile.

I further reject the government's suggestion that this court should order a bond hearing for Uzeh instead of release because it doesn't provide a valid statutory basis for his continued detention.  But even if it had, it provides no information suggesting that Uzeh is a danger to the community or a flight risk.  It relies solely on Uzeh's state charge for domestic battery, which has been dismissed and recanted by Uzeh's wife.[9]  It further strains credulity that the government now asks for a hearing focused on Uzeh's danger to the community when it insisted at a hearing before the IJ that the Laken Riley Act applied and thus that there was no need to present any evidence of Uzeh's dangerousness or flight risk.[10]  So, because Uzeh is unlawfully detained and the government has offered no authority to suggest that a bond hearing is an appropriate or lawful method to continue his detention, I grant Uzeh's petition and order his immediate release.

### Conclusion

IT IS THEREFORE ORDERED that Jeremiah B. Uzeh's amended habeas petition and his motion to expedite consideration of that petition **[ECF Nos. 10, 14] are GRANTED**. **Petitioner Jeremiah B. Uzeh must be released from detention within two days of this order.**

IT IS FURTHER ORDERED that respondents must file and serve on defense counsel:

(1) notice of the date, time, and location of Uzeh's release at least 24 hours before the release is set to occur, and

---

[8] *See Hernandez*, 872 F.3d at 999.

[9] *See* ECF No. 12 at 3.

[10] *Id.* (citing IJ bond-hearing recording).

3

(2) within three days of this order, notice that Uzeh's release was effectuated.

IT IS FURTHER ORDERED that counsel for respondents is directed to immediately provide notice of this order to the restrained parties they represent.

The Clerk of Court is directed to SEND a copy of this order to the Warden of the Nevada Southern Detention Center in Pahrump, Nevada and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
July 14, 2026

4